Matthew M. Levy, J.
This is a motion by plaintiffs for summary judgment. The action proceeds upon a separation agreement. As part of the property arrangement made by the *963 agreement the marital abode was to be conveyed to the wife. It was at that time subject to two Internal Revenue tax liens, or distress warrants, one directed to both husband and wife, the other to the husband alone. Under the agreement, the husband assumed full responsibility for the payment of those liens, and it was agreed that if the wife sold the property before full payment of the tax liens and used her own moneys to remove them in order to convey good title, the husband was to reimburse in six semi-annual installments the amount thus paid by the wife to effect such removal, and any obligation of the husband arising upon the wife’s payment of the liens would be evidenced by six notes and the balance of all notes would become due and' payable upon a default as to any one of them. After the execution of the agreement and commencement of performance thereof, including conveyance to the wife of the real estate, she died. Her executors sold the property, and, in order to convey good title, made payment of the unpaid balance of the tax liens. It is these payments which the plaintiffs (the wife’s executors) now seek to recover from the widower.
Defendant contends that his obligation to make payment of the tax liens was personal to the wife and did not survive her death. The complete and carefully prepared contract, however, provided expressly “ that all of the terms, conditions and provisions of this agreement shall apply to, bind and be obligatory upon and inure to the benefit of the heirs, executors and administrators of the parties hereto whether so expressed or not.” This provision attaches to every term of the agreement and would necessarily attach to that term of the contract by which defendant promised upon the sale of the house to make the wife whole as to the tax liens. And, if the Avife died, the provision with respect to the tax liens inured to the benefit of her executors, as well as with respect to all other payments required of the husband and not plainly halted by his Avife’s demise.
Defendant submits that alimony payments to the wife cease upon her death, and that since the grant of the marital abode to the wife was a part of the property settlement, the obligation on his part to pay the tax liens was a part of his maintenance obligations which also ceased when his wife died. Defendant’s statement of the primary legal principle relied upon by him is unimpeachable (18 Carmody-Wait on New York Practice, ch. 117, § 20, p. 341; ch. 118, § 38, p. 485; Grossman on New York Law of Domestic Relations, § 830) but his attempt to apply that principle to the present agreement must meet defeat. There are, in this contract, support and maintenance provisions, more *964 or less substantial, which were terminated upon the death of the wife. But they do not encompass the matter of the tax liens. The transfer to the wife of the marital abode necessarily augmented her estate. If that estate, on the sale of the house, is now to be diminished by refusal to make good, as agreed, the amount paid by her executors because of the tax liens, the value of the estate granted by the agreement is pro tanto reduced and the agreement is breached. Actually, defendant asks for reception of parol evidence to prove what he says was the real intent of the parties, all based upon an alleged ambiguity in the agreement. But, in my view, there is no ambiguity, there is no need for parol proof and there is no defense to the claim. The motion is granted.
In a second cause of action, plaintiffs seek the recovery of a reasonable sum as compensation for their attorneys in this matter. The agreement provides for the payment of a reasonable counsel fee in the event litigation is brought to enforce it. Summary judgment on the second cause of action is granted as well, but as to that an assessement must be had.
Settle order.